IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| Elijah Dallas Cox, | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | 1:08cv41 (JCC/TCB) |
| | ) | |
| D.B. Everett, | ) | |
|     Respondent. | ) | |

MEMORANDUM OPINION

Elijah Dallas Cox, a Virginia inmate proceeding pro se, has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging his conviction for multiple offenses in the Circuit Court for Stafford County, Virginia. On July 11, 2008, respondent filed a Motion to Dismiss and Rule 5 Answer. For the reasons that follow, petitioner's claims must be dismissed.

**I. Background**

On February 10, 2005, petitioner entered an open plea of guilty to false pretenses, grand larceny, forgery, two counts of credit card theft, and third offense larceny in the Circuit Court for Stafford County, and in return the Commonwealth nolle prossed thirteen additional, related felony charges. Petitioner was sentenced on April 28, 2005, to thirty years imprisonment, with seventeen years suspended. Commonwealth v. Cox, Nos. CR04-578-00, -01, -02, -06, -07, -08. Petitioner appealed his conviction to the Court of Appeals of Virginia, which denied the appeal on February 10, 2006. Cox v. Commonwealth, No. 1058-05-4. Petitioner did not take any further appeals.

On September 26, 2006, petitioner filed a petition for a writ of habeas corpus in the Circuit Court for Stafford County, asserting three main grounds for relief:

> (a) Petitioner's guilty pleas were not knowing and voluntary because: (1) petitioner did not have an adequate or accurate understanding and/or knowledge of the

consequences of his pleas; (2) his pleas were the result of undisclosed and unfulfilled promises, rendering them involuntary; (3) his attorney was ineffective for advising him to forego a favorable plea offer, and instead to enter open guilty pleas without the benefit of the favorable plea offer; and (4) the trial court did not properly and/or accurately determine his pleas were voluntary and intelligent.

(b) Petitioner is being subjected to cruel and unusual punishment, and is being deprived of his right to equal protection, by virtue of the length of his sentence, when the "usual" punishment given to similarly situated Virginia defendants ranges from two years, two months to six years, five months, and there is no rational or legitimate reason for the difference in treatment.

(c) Petitioner's trial and appellate counsel were ineffective for not challenging his sentence on the Eighth Amendment and Equal Protection grounds as discussed in Claim (b).

The court denied the petition on March 12, 2007, and petitioner appealed this ruling to the Supreme Court of Virginia, which refused his petition for appeal on October 5, 2007. Petitioner also filed a second petition for a writ of habeas corpus in the circuit court on March 29, 2007, alleging an additional claim that his pleas were obtained in violation of his Fifth and Fourteenth Amendment rights to due process and his Sixth Amendment right to effective assistance of counsel, and therefore were both unintelligent and involuntary. The Court held that petitioner was barred from bringing the claim, pursuant to Va. Code Ann. § 8.01-654(B)(2), which prohibits successive petitions where the petitioner knew of the facts of the claim when he filed any previous petition.

Petitioner filed the instant petition on January 16, 2008, alleging the same three claims and accompanying sub-claims he raised in his first habeas petition in the state circuit court.[1] Respondent

---

[1] The instant federal petition does not specifically enumerate particular claims for relief. Instead, it refers the Court to the "attached claims from state court proceedings, which are hereby respectfully fully incorporated and re-plead in support hereof to include:" (1) Cox's first habeas petition filed in the Circuit Court of Stafford County on September 26, 2006; (2) his petition for appeal of the circuit court's denial of his habeas petition to the Supreme Court of Virginia; and (3) his second habeas petition filed in the Circuit Court of Stafford County on May 31, 2007. Pet. 2.

2

filed a Rule 5 Answer and Motion to Dismiss on July 11, 2008. Petitioner was given the opportunity to file responsive materials, pursuant to Roseboro v. Garrison. 528 F.2d 309 (4th Cir. 1975), however, he has not filed any response with this Court. On May 13, 2008, claims (a)(1), (a)(2), (a)(4) and (b) were dismissed with prejudice as procedurally defaulted, so respondent's Motion to Dismiss and this Order address only petitioner's remaining claims of ineffective assistance of counsel, (a)(3) and (c).

## II. Standard of Review

When a state court has addressed the merits of a claim raised in a federal habeas petition, a federal court may not grant the petition based on the claim unless the state court's adjudications are contrary to, or an unreasonable application of, clearly established federal law, or are based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d). The evaluation of whether a state court decision is "contrary to" or "an unreasonable application of" federal law is based on an independent review of each standard. See Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A state court determination runs afoul of the "contrary to" standard if it "arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." Williams, 529 U.S. at 413. Under the "unreasonable application" clause, the writ should be granted if the federal court finds that the state court "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id.

## III. Discussion

The Court finds that both of Cox's remaining claims of ineffective assistance of counsel,

3

claims (a)(3) and (c), must be dismissed, because the Supreme Court of Virginia's dismissal of petitioner's claims was neither contrary to, nor an unreasonable application of Strickland v. Washington, 466 U.S. 668 (1984), which governs such claims, nor was it based upon an unreasonable determination of the facts. 28 U.S.C. § 2254(d). To establish ineffective assistance of counsel, a petitioner must show that (1) "counsel's performance was deficient" and (2) "that the deficient performance prejudiced the defendant." Strickland, 466 U.S. at 687.

To prove that counsel's performance was deficient, a petitioner must show that "counsel's representation fell below an objective standard of reasonableness." Id. at 688. Thus, a petitioner must prove that the "acts and omissions" of counsel were, in light of all the circumstances, "outside the range of professionally competent assistance." Id. at 690. Such a determination "must be highly deferential," with a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. In other words, a petitioner must be able to overcome "the presumption that . . . the challenged action 'might be considered sound trial strategy.'" Id. (quoting Michel v. Louisiana, 350 U.S. 91, 101 (1955)).

Even if counsel committed some error, including a "professionally unreasonable" error, the judgment may only be set aside if the error had an actual effect on the judgment. Strickland, 466 U.S. at 691. Thus, for a court to find counsel's performance constituted ineffective assistance, "any deficiencies in counsel's performance must be prejudicial to the defense . . . ." Id. at 692. It is not enough for a petitioner "to show that the errors had some conceivable effect on the outcome of the proceeding." Id. at 693. Rather, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694 (explaining that "a reasonable probability is a probability sufficient to undermine confidence

in the outcome").

Accordingly, "failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim." Id. at 700. A successful petition must show both, as they are "separate and distinct elements" of the claim. Spencer v. Murray, 18 F.3d 229, 233 (4th Cir. 1994). Moreover, a court does not need to review the reasonableness of counsel's performance if a petitioner fails to show prejudice. Quesinberry v. Taylore, 162 F.3d 273, 278 (4th Cir. 1998).

Additionally, the same two-part Strickland test "applies to challenges to guilty pleas based on ineffective assistance of counsel." Hill v. Lockhart, 474 U.S. 52, 58 (1985). In the context of a guilty plea, the "performance" prong of the Strickland test "is nothing more than a restatement of the standard of attorney competence already set forth in . . .McMann v. Richardson," 397 U.S. 759, 771 (1970), which held that the relevant inquiry is whether the advice of counsel "was within the range of competence demanded of attorneys in criminal cases." Id. at 58-59. With regard to the "prejudice" prong, a petitioner challenging counsel's effectiveness in the context of a guilty plea must show that there was an effect on the outcome of the plea process, meaning "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Id. at 59; see also Burket v. Angelone, 208 F.3d 172, 190 (4th Cir. 2000) (holding that, with respect to the prejudice prong, defendant had failed to demonstrate that but for the allegedly ineffective assistance, a reasonable defendant would have insisted on proceeding to trial, and therefore had not satisfied the Strickland test).

In reviewing a petitioner's claim of ineffective assistance of counsel regarding a plea agreement, "the representations of the defendant, his lawyer, and the prosecutor at such a hearing,

as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings." Blackledge v. Allison, 431 U.S. 63, 73-74 (1977). The declarations made "in open court carry a strong presumption of verity," and "the subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." Id. at 74.

Claim (a)(3): Ineffective Assistance for Advising Petitioner to Reject the Plea Offer

In claim (a)(3), petitioner alleges that counsel was ineffective for advising him to forego "a favorable plea agreement offer from the prosecutor and to instead enter open guilty pleas without the favorable plea agreement offer and without the benefits thereof. . . ." Attach. #1 to Pet. 6. Petitioner claims that his counsel told him that he would receive a sentence within the guidelines, "according to the sentencing practices of Virginia judges." Attach. #1 to Pet. 8. Petitioner further claims that "counsel conveyed an assurance to petitioner that the judge would not exceed the sentencing guidelines and that the judge would be unable to exceed the sentencing guidelines maximum in sentencing petitioner . . . ." Attach. #1 to Pet. 8.

At petitioner's plea colloquy, which is to be accorded a presumption of truthfulness, petitioner stated that he was entering his plea freely and voluntarily, after discussing the matter "fully and completely" with counsel. Plea Tr. 6-8, Feb. 10, 2005. Furthermore, before the court accepted petitioner's plea, the court stated the maximum punishment for each of the crimes to which petitioner was pleading guilty, and informed petitioner that the maximum punishment for all the offenses would be ninety-five years imprisonment. Plea Tr. 9-10. The court further confirmed with petitioner that he had not reached an agreement with the Commonwealth regarding his sentence, Plea Tr. 11,

thus putting petitioner on notice that he could receive the maximum sentence based on his guilty plea. Following this exchange, the court once again asked petitioner if he wished to plead guilty, and petitioner stated that he did. Plea Tr. 12. Furthermore, in a sworn affidavit, trial counsel states that petitioner himself rejected the plea offer because he felt it was excessive, and made the decision to plead straight up to the charges on the day of trial, after being informed by counsel that the judge could give him a longer sentence than that included in the Commonwealth's plea offer.[2] Resp't Br. in Supp. Attach. #4. On the other hand, in support of his ineffective assistance of counsel claim, petitioner does little more than make conclusory allegations that counsel told him that he would get a lesser sentence if he entered an open plea of guilty rather than taking the offer presented by the Commonwealth. Under the standard in Blackledge, this is insufficient to overcome the "presumption of verity" accorded to the statements made by petitioner during the plea colloquy regarding his awareness of the circumstances of his plea.

In addition, even if petitioner had satisfied the performance prong of Strickland, petitioner is unable to show prejudice resulting from any deficient performance by counsel. Although petitioner now states that, but for counsel's advice, he would have accepted the plea offer presented to him by the Commonwealth, he expressly stated to the trial court that he made the decision to plead straight up. Plea Tr. 12. As noted, the court at the colloquy informed petitioner of the maximum punishment allowable for each crime to which petitioner was pleading guilty, and petitioner acknowledged his

---

[2] The Commonwealth had offered petitioner, in exchange for his guilty plea, a sentence of thirty years, with twenty-five years suspended, for a total of five years imprisonment. The suspended sentences were to be conditioned on good behavior for twenty years, probation until restitution and costs were paid, and petitioner being barred from the stores involved. Attach. #3 to Brief in Supp. of Answer.

7

awareness that an open plea could result in a much higher sentence than was specified in the commonwealth's plea offer. Finally, there is no reasonable probability that, but for counsel's errors, petitioner would not have pled guilty and would have insisted on going to trial. Had petitioner gone to trial, he would have faced thirteen additional charges, which were nolle prossed as a result of petitioner's guilty plea. Simply because petitioner chose to plead straight up, which resulted in a higher sentence than he hoped to receive and one which was greater than that offered by the commonwealth, does not mean that counsel's performance was deficient, or that petitioner was prejudiced as a result. Thus, rejection of this claim by the Virginia Supreme Court was neither contrary to nor an unreasonable application of Strickland,[3] and this claim will be dismissed.

### Claim (c): Ineffective Assistance for Failure to Object at Trial and Raise on Appeal a Violation of Petitioner's Eighth and Fourteenth Amendment Rights As a Result of Petitioner's Sentence

In claim (c), petitioner alleges that both trial and appellate counsel were ineffective for failing to object to his sentence on the grounds that it violated his Eighth Amendment right to be free from cruel and unusual punishment his Fourteenth Amendment right to equal protection. Attach. #1 to Pet. 20. He claims further that counsel were ineffective for not preserving that issue in order to raise it on appeal, and also for not actually appealing his sentence on those Eighth and Fourteenth Amendment grounds. Attach. #1 to Pet. 20.

In Virginia, sentencing guidelines are purely discretionary, and are not binding on the trial court. Jett v. Commonwealth, 34 Va. App. 252, 256, 540 S.E.2d 511, 512 (2001). Rather, the

---

[3] Although petitioner appealed the circuit court's decision to the Supreme Court of Virginia, the Supreme Court did not rule on the merits. However, the reasoning of the state habeas court is imputed to the Supreme Court of Virginia, which refused the petition for appeal. See Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991).

guidelines are "a tool intended to assist the court in fixing an appropriate sentence," and so long as the sentence is within the range provided by the legislature, an appellate court will not interfere with the judgment. Id., 540 S.E.2d at 513. Furthermore, under the United States Constitution, so long as a defendant's sentence is within the statutorily prescribed sentencing range, there is no constitutional violation. See Apprendi v. New Jersey, 530 U.S. 466, 481 (2000) (holding that "nothing . . . suggests that it is impermissible for judges to exercise discretion—taking into consideration various factors relating both to offense and offender—in imposing a judgment *within the range* prescribed by statute").

Here, the maximum sentence petitioner faced based on his guilty plea was ninety-five years imprisonment. At sentencing, the court took into account petitioner's lengthy criminal history, and sentenced him to thirty years of imprisonment, with seventeen years suspended. Sentencing Tr. 34-35, Apr. 28, 2005. Although this was outside of the recommended sentence as determined by the sentencing guidelines, it was still within the range authorized by statute, so there was no violation of petitioner's constitutional rights. Nonetheless, counsel did object to the sentence imposed by the court at sentencing, and informed the court he would file a motion on the matter the following day. Sentencing Tr. 36. However, to the extent that petitioner is challenging counsel's failure to raise the specific Eighth and Fourteenth Amendment arguments set forth in his petition, this argument also fails. Because there can be no constitutional violation if a sentence is within the statutorily prescribed sentencing range, see Apprendi, 530 U.S. at 481, had counsel raised a constitutional argument against petitioner's sentence, the argument would have been without merit.

In addition, petitioner has failed to satisfy either the performance or prejudice prong of Strickland with regard to his claim against appellate counsel. See Burger v. Kemp, 483 U.S. 776,

781 (1987) (holding that the <u>Strickland</u> test applies to appellate counsel). Appellate counsel is not required to raise every nonfrivolous claim on appeal. <u>Jones v. Barnes</u>, 463 U.S. 745, 751 (1983). However, "[n]otwithstanding <u>Barnes</u>, it is still possible to bring a <u>Strickland</u> claim based on counsel's failure to raise a particular claim, but it is difficult to demonstrate that counsel was incompetent." <u>Smith v. Robbins</u>, 528 U.S. 259, 288 (2000). Even if a petitioner is able to show counsel's performance fell below an objective standard of reasonableness, he must also satisfy the prejudice prong by showing that, but for counsel's failure to appeal, petitioner would have prevailed on appeal. <u>Lawrence v. Branker</u>, 517 F.3d 700, 709 (4th Cir. 2008). Here, because petitioner's sentence did not exceed that prescribed by statute, there was no constitutional violation, so counsel's failure to raise the Eighth and Fourteenth Amendment arguments put forth by petitioner did not constitute deficient performance. Furthermore, even assuming there had been deficient performance, petitioner has failed to show any resulting prejudice since petitioner's sentence was within the sentencing maximum, it would not have been reversed if appellate counsel had argued as petitioner now suggests. The dismissal of petitioner's claim by the Supreme Court of Virginia was thus neither contrary to nor an unreasonable application of <u>Strickland</u>, and this claim will be dismissed.

## IV. Conclusion

Because petitioner has failed to demonstrate that counsels' performance was deficient, and has also failed to prove that there was a reasonable probability that, but for counsels' alleged errors, the result of the proceeding would have been different, his remaining two claims of ineffective assistance of counsel are without merit and will be dismissed. An appropriate Order shall issue.

Entered this  11  day of  December  2008.

Alexandria, Virginia

/s/
James C. Cacheris
United States District Judge